## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

TYLER MONCUS,

     Plaintiff,

-vs-

LASALLE MANAGEMENT
COMPANY, LLC, D/B/A LA SALLE
CORRECTIONS; LASALLE
SOUTHEAST, LLC; CGL/LASALLE
IRWIN PROPERTIES, LLC; CGL
IRWIN PROPERTIES, LLC; PHIL
BICKHAM, Warden, Irwin County
Detention Center; JENNIFER DAWN
HART, in her Individual Capacity;
DONNIE YOUGHN, in both his
Individual and Official Capacity as
Sheriff of Irwin County, Georgia; and
IRWIN COUNTY, GEORGIA,

     Defendants.

**JURY TRIAL DEMANDED**

CIVIL ACTION NO: _____

## COMPLAINT

**COMES NOW, TYLER MONCUS,** Plaintiff in the above referenced action, and

files this his Complaint for Damages, showing as follows:

## PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff is a resident of Irwin County Georgia.

2.    Defendant LASALLE MANAGEMENT COMPANY, LLC (hereinafter

"LaSalle Management) is a Texas limited liability company doing business as "LaSalle

Corrections."  LaSalle Management can be served via its agent for service of process, William K. McConnell at 192 Bastille, Suite 200, Ruston, LA 71270.

3.      Defendant LASALLE SOUTHEAST, LLC (hereinafter "LaSalle Southeast") is a domestic limited liability company, with offices located in Irwin County, Georgia.

4.      Defendant CGL/LASALLE IRWIN PROPERTIES, LLC, is a Delaware limited liability company authorized to transact business in the State of Georgia, with its principal place office address in El Paso, Texas.

5.      Defendant CGL IRWIN PROPERTIES, LLC, is a Delaware limited liability company authorized to transact business in the State of Georgia, with its principal place office address in El Paso, Texas.

6.      Defendant JENNIFER DAWN HART is a resident of Tift County, Georgia. She may be served at her workplace, the Tifton Circuit District Attorney's Office, 225 Tift Avenue North, Room 314, Tifton, GA 31793.

7.      Defendant PHIL BICKHAM is a resident of Irwin County Georgia and an employee of LaSalle Management and/or LaSalle Southeast.  Bickham is the Warden of the Irwin County Detention Center.

8.      Defendant DONNIE YOUGHN was, at all times pertinent hereto, the Sheriff of Irwin County, Georgia.

9. Defendant IRWIN COUNTY, GEORGIA is a local political subdivision of the State of Georgia and is a body corporate, capable of suing or being sued. With respect to this Defendant, Plaintiff has satisfied the requirements of O.C.G.A. § 36-11-1 by presenting her claims to this Defendant within twelve (12) months of the accrual of the claims. (Attached hereto as Exhibit A are the ante-litem notices dispatched to Defendant Irwin County and Sheriff of Irwin County).

10. The events that form the basis of Plaintiffs' Complaint occurred in Irwin County, Georgia, and Tift County, Georgia.

11. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331.

12. Venue is proper in this Court, as a substantial part of the events or omissions giving rise to the claim occurred in this district. 28 U.S.C. § 1391; 28 U.S.C. § 90(b)(6).

## FACTUAL ALLEGATIONS

13. Defendant Irwin County contracts with LaSalle Southeast to operate, manage, and maintain the Irwin County Detention Center. Under this contract, LaSalle Southeast undertook responsibility for booking and intake of prisoners.

14. Defendant LaSalle Management is the parent company of Defendant LaSalle Southeast. LaSalle Management is responsible for ensuring that its subsidiary meets the constitutional and contractual obligations associated with running a detention center. This includes the proper calculation of credits for time served.

- 3 -

15.    Upon information and belief, Defendant CGL/Lasalle Irwin Properties, LLC owns the Irwin County Detention Center facility, including the land, and all improvements thereon.

16.    Upon information and belief, Defendant CGL Irwin Properties, LLC is a party to a Limited Liability Company Agreement (hereinafter "LLC Agreement") with CGL/Lasalle Irwin Properties, LLC, LaSalle Southeast, said agreement being dated December 2, 2013.

17.    Upon information and belief, the LLC Agreement governs the rights and responsibilities of the parties for operation, maintenance, and debt service for the Irwin County Jail.

18.    Upon information and belief, LaSalle Southeast also has agreements with the United States Government to house federal prisoners.

19.    Upon information and belief, LaSalle Southeast also has an agreement with Immigration and Customs Enforcement ("ICE"), under which LaSalle Southeast agrees to house and manage illegal immigrants at the Irwin County Detention Center.

20.    On September 2, 2015, Tyler Moncus was arrested in Irwin County.

21.    Mr. Moncus then spent eighteen (18) days at the Irwin County Detention Center before being released on bail.  During this 18 day incarceration, Plaintiff was not placed in the general population.

22.     Mr. Moncus was subsequently indicted on two counts of aggravated assault under O.C.G.A. § 16-5-21.

23.     Defendant J.D. Hart ("Hart") was the District Attorney charged with prosecution of the criminal assault charges against Plaintiff.

24.     Plaintiff was represented by counsel, Thomas J. Pujadas, in connection with the assault charges.

25.     Defendant Hart negotiated with Plaintiff's counsel, and reached a plea agreement.  Under the terms of this negotiated agreement, Hart agreed to "nolle prosse" one of the counts of aggravated assault, and the Plaintiff agreed to plead guilty to the remaining aggravated assault charge.  In exchange for this plea of guilt, the Plaintiff was to be sentenced to five years of probation under the Georgia First Offender Act, and ten days in custody.

26.     On August 28, 2017, the Superior Court of the Tift Judicial Circuit accepted the proposed plea agreement,  and Plaintiff entered the negotiated plea of guilty.

27.     After his plea was accepted, Plaintiff reported to the Irwin County Detention Center for booking on August 28, 2017.

28.     Pursuant to O.C.G.A. § 17-10-11, and by operation of law, Plaintiff was entitled to credit for time he served awaiting trial.

29.     Because Mr. Moncus had spent eighteen (18) days in the Irwin County Detention Center in September 2015 in connection with the charges to which he plead

guilty, and because he was sentenced to serve only ten (10) days in jail, Mr. Moncus was entitled to immediate release upon being booked at the Irwin County Detention Center.

30.     Relying on this statutory credit for time served, Plaintiff anticipated that he would be immediately released upon presentation to the Irwin County Sheriff.

31.     When Plaintiff presented to the Irwin County Detention Center, however, Plaintiff was not released, but was instead taken into custody.

32.     On learning of this fact the following morning, Plaintiff's criminal defense attorney, Tom Pujadas, telephoned Irwin County Sheriff Donnie Youghn, to arrange for Plaintiff's immediate release.

33.     During the phone call, Mr. Pujadas overheard Nelson Paulk, who upon information and belief is an employee of LaSalle Southeast, say in the background that "J.D. Hart [Defendant Jennifer Dawn Hart] said not to release [Mr. Moncus]."

34.     As the Plaintiff's pre-sentence and post-sentence custodian, LaSalle Southeast was responsible for calculating and awarding credit for time served.

35.     None of the Defendants named herein took any action to release Mr. Moncus from the Irwin County Detention Center.

36.     Despite being personally informed that Plaintiff was entitled to be released, Sheriff Youghn took no action to arrange for Plaintiff's immediate release.

37.     Plaintiff's defense counsel filed writ of mandamus, seeking recognition of Plaintiff's statutory entitlement to credit for time served, and his immediate release.  The

Court was unable to conduct a hearing on this before the Plaintiff served the additional ten days of his sentence, and the writ was dismissed as moot.

38.     As a result, Mr. Moncus spent ten (10) days incarcerated at the Irwin County Detention Center in August and September of 2017.  During this incarceration, He was placed in the general population.

39.     Mr. Moncus suffered severe mental, emotional, and physical distress during those ten days at the Irwin County Detention Center.

40.     Mr. Moncus lost ten (10) pounds during his ten-day incarceration.

41.     Mr. Moncus was housed alongside federal prisoners and immigrants awaiting hearing or deportation.

42.     At one point, Mr. Moncus and all other inmates of the Irwin County Detention Center were forced to strip naked and go to the detention center's gym while guards searched the facility for weapons.

43.     The experience was both humiliating and terrifying to Mr. Moncus.

44.     As a result of his incarceration, Mr. Moncus lost his employment as a Plant Superintendent for Covered Wagon.  Mr. Moncus and his family had relocated to Douglas, Georgia for the specific purpose of taking this job.

45.     Mr. Moncus also lost his employer-provided health insurance for himself and his family.

46.     Due to his wrongful and unjustified incarceration, Mr. Moncus was unemployed for a month before finally finding work at less than half of his former salary.

### III. CAUSES OF ACTION

### COUNT ONE:
### FALSE IMPRISONMENT AGAINST ALL DEFENDANTS

47.     Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 through 41 as if alleged fully herein.

48.     By operation of law, Plaintiff was entitled to credit for time served prior to the entry of his guilty plea.

49.     By operation of law, and taking into account the time Plaintiff served prior to the entry of his plea of guilty, Plaintiff had satisfied the portion of his sentence requiring him to serve ten days in the Irwin County Detention Center at the time he entered his plea of guilty on August 28, 2017.

50.     Defendants' detention of Mr. Moncus for ten days, after the plea of guilty was accepted by the Trial Court and sentence given, was unlawful.

51.     Because the Defendants knew that Mr. Moncus was entitled to credit for time served, their detention of him was intentional.

52.     Defendants' unlawful detention of Plaintiff deprived him of his personal liberty.

53.     The unlawful actions of all Defendants caused the Plaintiff's false imprisonment.

54.     Defendants are jointly and/or severally responsible to the Plaintiff for damages he sustained as a result of his false imprisonment, as provided by O.C.G.A. § 51-7-22.

55.     As a result of Defendants' actions, Mr. Moncus suffered and will continue to suffer, damages, including pecuniary damages; physical, mental, and emotional injury; and pain, mental anguish, suffering, humiliation, and embarrassment.

56.     Defendants' false imprisonment of Mr. Moncus was the proximate cause of his injuries.

**COUNT TWO:**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**AGAINST DEFENDANTS HART,**
**LASALLE SOUTHEAST, LASALLE MANAGEMENT, AND BICKAHM**

57.     Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 through 56 as if alleged fully herein.

58.     Defendant Hart recklessly and with the intention of causing Plaintiff severe emotional distress, engaged in extreme and outrageous conduct by unlawfully imprisoning Plaintiff without giving him proper credit for time served.

59.     Employees and/or agents of Defendants LaSalle Southeast and LaSalle Management, acting within the scope of their agency, acted recklessly and with the intention of causing Plaintiff severe emotional distress, thereby engaging in extreme and outrageous conduct by unlawfully imprisoning Plaintiff.

60.     Both Defendant Hart and Defendants Southeast Corrections, LaSalle Management knew that the Plaintiff was entitled to be released, with no further time served.  Nevertheless, Defendants Hart, LaSalle Corrections, and/or LaSalle Management refused to take any action to effect Plaintiff's release, and instead interfered with justified efforts of Plaintiff's attorney to secure his release.

61.     LaSalle Southeast and/or LaSalle Management are vicariously liable for the actions of its agent, Defendant Paulk.

62.     The actions of Defendants Hart, LaSalle Southeast and/or LaSalle Management, were outrageous in character and extreme in degree to be utterly intolerable in a civilized community.  Said actions were taken with malice and reckless or callous indifference to the rights of Mr. Moncus.

63.     As a result of the aforesaid outrageous conduct, Plaintiff suffered severe emotional distress and was injured and damaged thereby.

## COUNT THREE:
### 42 U.S.C § 1983
### VIOLATION OF PLAINTIFF'S DUE PROCESS RIGHTS
### AS TO DEFENDANTS HART AND YOUGHN
### IN THEIR INDIVIDUAL CAPACITIES

64.     Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 through 63 as if alleged fully herein.

65.     At all times pertinent to the allegations raised in this Complaint, Defendant Hart was the Assistant District Attorney charged with prosecuting the criminal charges against the Plaintiff.

66.     At all times pertinent to the allegations raised in this Complaint, Defendant Youghn was the Sheriff of Irwin County, Georgia.

67.     In this capacity, Sheriff Irwin knew of the statutory requirement that inmates would receive credit for time served.

68.     Both Defendant Hart and Defendant Youghn had actual knowledge that with credit for time served, the Plaintiff would not be required to spend any time incarcerated at the Irwin County Detention Center after entering his negotiated plea of guilty.

69.     Despite this actual knowledge, neither Defendant Hart nor Defendant Youghn took any action to effect Plaintiff's release.

70.     Defendant Hart and Defendant Youghn thereby exhibited an intent to unlawfully confine the Plaintiff, and did, in fact, unlawfully detain the Plaintiff at the Irwin County Detention Center.

71.     The Plaintiff was aware during the entire ten day confinement that his detention was unlawful.

72.     The unlawful conduct of both Defendant Hart and Defendant Youghn violated the Plaintiff's Due Process Rights, as Guaranteed by the Fourteenth Amendment to the Constitution of the United States.

73.     Through their actions, both Defendant Hart and Defendant Youghn exhibited a deliberate indifference to the rights of Plaintiff.

74.     Through their actions, both Defendant Hart and Defendant Youghn intentionally exposed Plaintiff to the risk of serious harm of continued, unlawful detention.

75.     Through their actions, both Defendant Hart and Defendant Youghn disregarded the aforementioned risk of serious harm.

76.     The conduct of Defendant Hart and Defendant Youghn was intentional.

77.     Defendant Hart and Defendant Youghn are therefore liable to the Plaintiff for the damages he sustained as a direct result of his unlawful detention.

**COUNT FOUR:**
**42 U.S.C. § 1983**
**VIOLATION OF PLAINTIFF'S DUE PROCESS RIGHTS**
**AS TO DEFENDANT YOUGHN, IN HIS OFFICIAL CAPACITY**
**IRWIN COUNTY, GEORGIA, LASALLE SOUTHEAST,**
**AND LASALLE MANAGEMENT**

78.     Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 through 77 as if alleged fully herein.

79.     At all times pertinent hereto, Defendant Youghn was the Sheriff of Irwin County, Georgia.  With respect to individuals detained at the Irwin County Detention

Center, Sheriff Youghn made policies regarding the detention and release of individuals commanded to the custody of the Irwin County Detention Center.

80.   Defendant Irwin County, Georgia is authorized to detain, house, and/or control detainees referred to the Irwin County Detention Center.

81.   At all times pertinent hereto, Defendants LaSalle Management and/or LaSalle Southeast acted under color of state law, in that these Defendants, in their management and operation of the Irwin County Jail, were performing functions traditionally within the exclusive perogative of the government.  In addition, there is a nexus and joint action between Irwin County, the Sheriff of Irwin County, Lasalle Management and LaSalle Southeast, which indicates state action on the part of LaSalle Management and LaSalle Southeast.

82.   Neither Irwin County, Georgia nor the Sheriff of Irwin County, Georgia, had an appropriate policy in place to ensure that individuals referred to the Irwin County Detention Center received proper credit for time served, as required by O.C.G.A. § 17-10-11.

83.   The failure of the Sheriff of Irwin County, Georgia and Irwin County to have such policies and procedures caused the Plaintiff to sustain constitutional injury, in that his Fourth Amendment Rights were violated when Plaintiff was required to remain in the detention center for ten days.

84.     Defendant Irwin County and Defendant Sheriff of Irwin County are therefore liable to the Plaintiff for the damages he sustained as a direct result of his unlawful detention.

## COUNT FIVE:

## LIABILITY OF DEFENDANTS  CGL/LASALLE IRWIN PROPERTIES, LLC AND CGL IRWIN PROPERTIES, LLC

85.     Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 through 84 as if alleged fully herein.

86.     By virtue of the LLC Agreement, and the practical operation of the facility, Defendants LaSalle Management and LaSalle Southeast became the agents of, and joint venturer's with, Defendants CGL LaSalle and CGL LaSalle Irwin Properties.

87.     Defendants CGL LaSalle and CGL/LaSalle Irwin are vicariously liable for the conduct of its agents LaSalle Management, LaSalle Southeast, and Warden Bickham, as said conduct is plead in Counts I and II above.

## COUNT SIX:

## PUNITIVE DAMAGES AS TO DEFENDANTS HART, YOUGHN, LASALLE SOUTHEAST, LASALLE MANAGEMENT, AND BICKHAM

88.     Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 through 87 as if alleged fully herein.

89.     The actions of Defendants Hart, Youghn, Lasalle SOUTHEAST, Lasalle

Management, and/or Bickham demonstrate willful, reckless, and wanton misconduct to

create a presumption of conscious indifference of the consequences.

90.     Plaintiff is are entitled to punitive damages as a result of the Defendants'

actions in an amount appropriate to deter similar conduct in the future.

91.     These Defendants are liable for punitive damages pursuant to O.C.G.A. §

51-12-5.1, in an amount to be proven at trial.

## COUNT SIX:
## CLAIM FOR ATTORNEYS FEES AS TO ALL DEFENDANTS.

92.     Plaintiff re-alleges and incorporates by reference all allegations contained in

paragraphs 1 through 91 as if alleged fully herein.

93.     Defendants have each acted in bad faith, has been stubbornly litigious, and

has caused Plaintiff unnecessary trouble and expense as set forth in O.C.G.A. § 13-6-11.

94.     Plaintiff is entitled to recover attorney's fees and costs of litigation from all

Defendants for their actions pursuant to O.C.G.A. § 13-6-11.

95.     Plaintiff is entitled to recover attorney's fees and costs of litigation from

Defendants Hart, Youghn, Irwin County, Georgia, and the Sheriff of Irwin County,

Georgia, for their actions pursuant to 42. U.S.C. § 1988.

**WHEREFORE, Plaintiff prays:**

(A)     That Summons and Process be issued and served upon Defendants;

(B)     For a trial by a jury comprised of twelve (12) persons;

- 15 -

(C)     That Plaintiff recovers compensation for injuries and damages, in an

amount in excess of $ 75,000.00;

(D)     That Plaintiff be awarded punitive damages against Defendants in an

amount sufficient to penalize, punish, and deter Defendants from such actions in the

future;

(E)     For recovery of attorney's fees and all costs of litigation against Defendants

pursuant to O.C.G.A. § 13-6-11 and 42 U.S.C. § 1983; and

(F)     That Plaintiff recovers such other and further relief as this Court deems just

and proper.

THIS THE  24th  DAY OF  MAY , 2019.

                                        SAVAGE & TURNER, P.C.

                                        By:     /s/ Brent J. Savage
                                                Brent J. Savage
                                                Georgia Bar No. 627450

102 East Liberty Street, 8th Floor
Post Office Box 10600
Savannah Georgia 31412
Phone:  (912) 231-1140
Fax: (912) 232-4212
lwickline@savagelawfirm.net

- 16 -